Filed 5/13/14  P. v. Roos CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT ROOS,<br><br>        Defendant and Appellant. | C072470<br><br>(Super. Ct. No. SF120225A) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we note corrections that must be made to the abstract, but otherwise affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## PROCEDURAL AND FACTUAL BACKGROUND

On April 3, 2012, a deputy sheriff observed defendant Gilbert Roos, helmetless and riding his motorcycle without its headlights. The deputy attempted to conduct a traffic stop but defendant sped away at 50 miles per hour in a residential area and eventually lost control of his motorcycle. Defendant then ran from the scene, throwing a loaded firearm into the backyard of a residence. The deputy found ammunition in defendant's motorcycle. Defendant had been convicted of robbery in 2000, assault with force likely to produce great bodily injury and with a deadly weapon in 2002, and had served prior prison terms.

Defendant entered a plea of no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)—count 1), guilty to evading an officer with willful and wanton disregard for safety (Veh. Code, § 2800.2—count 2), and admitted a strike prior for a 2000 robbery (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), in exchange for dismissal of the remaining count and allegations and a stipulated sentence of six years as follows: the upper term of three years doubled for the strike prior on counts 1 and 2, with the sentence on count 2 to run concurrently.

The court sentenced defendant to six years in state prison.[1]

At the same entry of plea hearing, defendant entered a guilty plea in case No. SF120816 to felony evading occurring on June 30, 2012 (Veh. Code, § 2800.2) and admitted the same strike prior (2000 robbery). The trial court sentenced defendant to the upper term of three years, doubled for the strike prior, to run concurrently to the sentence in this case (case No. SF120225A).

---

[1] In the trial court, defense appellate counsel successfully obtained additional conduct credit for defendant to now provide 19 actual days and 18 conduct days for a total of 37 days of presentence custody credit.

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We do note errors in the abstract of judgment. The original and amended abstracts erroneously reflect a "midterm" sentence of three years on counts 1 and 2. The plea was for the upper term of three years, but in the oral rendition of judgment, the trial court misspoke and said it was imposing a "midterm" of three years. Also, neither the original nor the amended abstract of judgment reflects defendant's conviction and sentence in case No. SF120816. We must order the trial court to prepare a corrected abstract of judgment.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to reflect the upper term rather than the midterm on counts 1 and 2 in case No. SF120225A and to reflect defendant's conviction and concurrent sentence in case No. SF120816 and to

forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


                                        _____MURRAY_____, J.


We concur:


_____RAYE_____, P. J.


_____ROBIE_____, J.


4